UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPARTANBURG REGIONAL
HEALTHCARE SYSTEM,

    Plaintiff,                                    Hon. Richard Alan Enslen

v.                                                   Case No. 1:05-mc-107

HILLENBRAND
INDUSTRIES, INC. et al.,

    Defendants.
_____/

**OPINION**

This matter is before the Court on Steelcase Inc.'s Motion to Quash Subpoena. (Dkt. #4). The Court heard oral argument on this motion on August 2, 2005. For the reasons discussed below, Plaintiff's motion to quash subpoena is **granted**.

**BACKGROUND**

This matter relates to a lawsuit initiated by Spartanburg Regional Healthcare System (Spartanburg) against Hillenbrand Industries, Inc., Hill-Rom, Inc., and Hill-Rom Company, Inc. (Hillenbrand) in the United States District Court for the District of South Carolina (the South Carolina action). (Dkt. #5, Exhibit B). In that action, Spartanburg alleges that Hillenbrand has acted in violation of federal antitrust laws with respect to its sales of hospital beds. Specifically, Spartanburg alleges that Hillenbrand possesses monopoly power regarding the sale of its standard hospital beds (and related in-room products) and, furthermore, has consciously employed such advantage in an attempt to obtain

monopoly power with respect to its sales of specialty hospital beds. As part of its defense against these allegations, Hillenbrand served upon Steelcase, Inc. (Steelcase) a subpoena "to produce and permit inspection and copying of" certain documents. (Dkt. #5, Exhibit A). Steelcase submitted objections to this subpoena as well as the present motion to quash.

**I.      Motion to Quash**

The challenged subpoena requests that Steelcase produce the following documents:

For the period January 1, 1988 to the present day:

1. Product listings or brochures sufficient to identify the products you manufacture, rent and/or sell.

2. With respect to Competing Products, only those financial, planning or summary documents sufficient to show:

    (a) annual unit sale or rental revenue from the sale or rental of each such product;

    (b) your share of the United States market for each such product;

    (c) those companies with which you compete for sales or rentals of each such product and their respective shares of the United States market for each such product;

    (d) the date on which you first introduced, or entered the market for, each such product;

    (e) your list sales prices or list rental rates for each such product; and

    (f) discounts, rebates or other incentives that you or your competitors offered to customers or prospective customers.

3. Business planning and competitive and strategic analysis documents, board and committee meeting minutes, and data compilations and analyses concerning:

    (a) competition in the markets for the Competing Products;

    (b) entry by new competitors in the markets for the Competing Products;

    (c) whether the prices of Competing Products, including your products, net of any discounts, have increased or decreased over time in any manner;

    (d) your actual or forecasted business and/or financial performance with respect to the Competing Products; and

    (e) comparisons between Competing Products that you and your competitors sell or rent.

4. All documents concerning Spartanburg Regional Healthcare System (SRHS) and any proposed or actual sale or rental of any product to SRHS.

5. All documents produced in response to subpoenas issued by the parties in *Kinetic Concepts, Inc., et al. v. Hillenbrand Industries, et al.*, W.D. Tex. Case No. 95-cv-755.

6. All documents concerning any agreements or understandings between you and any other manufacturer concerning Competing Products.

7. All documents concerning any actual or proposed group purchasing agreements with a Group Purchasing Organization (GPO) or Integrated Delivery Network (IDN).

8. Documents sufficient to show how you define the product markets in which you compete and how you monitor your market share and the market share of your competitors in such product markets.

With respect to the first request to produce, Steelcase has agreed to provide Hillenbrand with brochures regarding its products which are intended for use in patient care rooms. With respect to requests to produce 5 and 6, Steelcase asserts that "no such documents" exist, a claim which Hillenbrand has not challenged. Thus, only requests to produce 2-4 and 7-8 are presently before the Court.

Steelcase asserts that Hillenbrand's requests seek the production of confidential and proprietary trade information which is irrelevant and unnecessary to the resolution of any of the claims asserted by Spartanburg in the South Carolina action. Steelcase also asserts that compliance with the subpoena would subject it to an undue burden. Finally, Steelcase claims that a protective order would not sufficiently protect the confidentiality of the information requested by Hillenbrand.

Federal Rule of Civil Procedure 45(c) provides for the "protection of persons subject to subpoenas." Rule 45(c)(3) identifies those circumstances in which the Court may quash a subpoena. As has been recognized, Rule 45(c)(3) "tracks the provisions of Rule 26(c)" which provides for the issuance of protective orders. *See Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002). Thus, a non-party may seek the Court's protection "via the overlapping and interrelated provisions" of Rule 26 and 45. The application of these provisions requires the Court to balance several competing factors: (1) relevance, (2) need, (3) confidentiality, and (4) harm. *Id.*

Steelcase asserts that the document requests at issue seek the production of "trade secrets" and "confidential commercial information," the production of which would unfairly harm its ability to compete in the marketplace. The burden of demonstrating that such is the case rests with Steelcase. *See Mannington Mills*, 206 F.R.D. at 528-29; *Echostar Comm. Corp. v. The News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998); *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987); *Coca-Cola Bottling Co. of Shreveport, Inc. v. The Coca-Cola Co.*, 107 F.R.D. 288, 292 (D. Del. 1985).

If Steelcase demonstrates that the documents requested by Hillenbrand's subpoena are confidential and that disclosure of such would subject it to harm, the burden then shifts to Hillenbrand to establish that the requested documents are *both* relevant and necessary. *See Mannington Mills*, 206 F.R.D. at 528-29; *Echostar*, 180 F.R.D. at 394; *American Standard*, 828 F.2d at 741; *Coca-Cola Bottling*, 107 F.R.D. at 292. If Hillenbrand can satisfy its burden, the Court must then balance Hillenbrand's need for the information against the potential harm to Steelcase by its disclosure. *Echostar*, 180 F.R.D. at 394; *Coca-Cola Bottling*, 107 F.R.D. at 293.

      A.     Confidentiality and Potential Harm

In support of its claim that Hillenbrand seeks the production of confidential business information, Steelcase has submitted the affidavits of Richard Cocos, Regional Sales Director, Southeast Region for Steelcase, Inc., and Gina Chapman-Cox, Vice-President of Brayton International, Inc.

With respect to the confidential nature of the requested documents, Mr. Cocos asserts that "[w]e consider nearly all of the documents requested to be highly confidential and proprietary trade information which we would not voluntarily share outside our company, particularly to a competitor, or in some cases, our dealers."[1] (Cocos Affidavit at ¶ 6). Ms. Chapman-Cox likewise asserts that "nearly all of the documents requested seek highly confidential and proprietary trade information which we do not share with anyone outside our company (and in some cases our dealers), let alone with a competitor." (Chapman-Cox Affidavit at ¶ 8). She further asserts that

---

[1] At hearing Steelcase clarified that it considered *all* of the documents sought by requests to produce 2-4 and 7-8 to be confidential in nature. Steelcase explained that the "nearly all" qualifier referred to the documents sought by requests 1, 5, and 6 which, as previously noted, are not presently at issue. Thus, for purposes of requests to produce 2-4 and 7-8, Mr. Cocos has asserted that all of the documents requested are confidential in nature. This rational applies with equal force to the affidavit submitted by Ms. Chapman-Cox.

> For a competitor such as Hill-Rom to have any of the information [requested by the subject subpoena] would cause significant harm to our company and our efforts to compete in the marketplace. Hill-Rom would know precisely our business strategy, including our most sensitive pricing information, and it would allow Hill-Rom to undermine our competitive position. They could target our existing and future business as they chose to do so. Knowing our price structure, they could undercut us at will.

*Id.* at ¶ 9.

Hillenbrand asserts that Steelcase has failed to demonstrate that the documents at issue are confidential in nature. Specifically, Hillenbrand claims that the affidavits submitted by Mr. Cocos and Ms. Chapman-Cox are "conclusory" and lack the requisite specificity. The Court disagrees and finds that Steelcase has met its burden in this regard.

First, that Hillenbrand seeks the production of sensitive and confidential business information is apparent from the very nature of the requests at issue. For example, as noted above, Hillenbrand requests that Steelcase produce documents regarding: (1) "planning and competitive and strategic analysis;" (2) "data compilations and analyses;" (3) "actual or forcasted business and/or financial performance;" (4) sales revenue and market share; and (5) how Steelcase defines "the product markets in which [it] compete[s]." It is unreasonable to assert that such requests do not seek the production of confidential and proprietary business information. Furthermore, the affidavits submitted by Mr. Cocos and Ms. Chapman-Cox are sufficient to establish that Hillenbrand seeks the production of confidential and proprietary business information. To require the affiants to provide more detail would necessitate that they divulge the very sort of information which they are attempting to protect through the present motion to quash.

The Court further finds that production of the requested information would subject Steelcase to significant harm. Hillenbrand is requesting documents detailing sensitive and confidential

aspects of Steelcase's business strategy. Moreover, it is undisputed that Steelcase and Hillenbrand directly compete against each other in the market for in-room furniture products. As courts have long recognized, disclosure of sensitive business information to a competitor is "more harmful than disclosure to a noncompetitor." *American Standard*, 828 F.2d at 741; *see also*, *Mannington Mills*, 206 F.R.D. at 531; *Allen v. Howmedica Leibinger*, 190 F.R.D. 518, 526 (W.D. Tenn. 1999); *Echostar*, 180 F.R.D. at 395; *In re Vitamins Antitrust Litigation*, 267 F.Supp.2d 738, 741-42 (S.D. Ohio 2003). The Court also finds unpersuasive Hillenbrand's assertion that a protective order will adequately protect Steelcase's interests.

      B.      Relevance and Necessity

As Steelcase has established that the requested material is confidential and that its production could result in harm to its business, Hillenbrand must establish that the requested information is relevant **and** that its production is necessary.

While the standard for relevancy is "defined very broadly," a finding of relevance cannot be based upon "a theoretical argument that the requested information somehow relates to an action pending in another district." *Allen*, 190 F.R.D. at 522. Instead, Hillenbrand must be able to demonstrate the "linkage between the discovery sought and admissible evidence." *Id.*

Hillenbrand asserts that the requested information is relevant to demonstrate the existence of competition for the sale of in-room furniture products. While information regarding the existence (or lack thereof) of competition in this particular sub-market *may* be relevant to resolution of the claims advanced in the South Carolina action, what Hillenbrand seeks to obtain through the subpoena at issue is information of an entirely different character. While *factual* information regarding the market for in-

room furniture products (e.g., information regarding the nature of Steelcase's in-room furniture products or the price at which Steelcase has offered such products to actual or potential purchasers), *may* be relevant, Hillenbrand instead seeks to obtain confidential information regarding the *thought processes* by which Steelcase develops, prices, and markets its products. The Court discerns no legitimate use for such information and Hillenbrand has presented no authority suggesting otherwise.

The Court recognizes that a certain limited number of the requested documents may satisfy the relevancy standard articulated in Rule 26. This is not surprising given the volume of documents requested. Such limited exceptions notwithstanding, the Court finds that Hillenbrand has failed to demonstrate that the documents at issue are relevant in the South Carolina action. Even were the Court to conclude otherwise, however, Hillenbrand cannot establish that it needs the documents requested in the challenged subpoena.

As Steelcase asserted at hearing, to the extent that the requested information is relevant Hillenbrand can obtain such from members of the plaintiff class or from other individuals and entities with whom Steelcase has conducted business. Moreover, as the Court has previously observed, much of the requested information is available in the public domain through various for-profit business information services, as well as other sources such as Steelcase's annual reports. The fact that the requested information may be obtained from other sources greatly diminishes the argument that Hillenbrand *needs* to obtain discovery of Steelcase's confidential business records. *See American Standard*, 828 FR.2d at 743; *Mannington Mills*, 206 F.R.D. at 532; *Allen*, 190 F.R.D. at 525.

Furthermore, the fact that there exists no evidence that Hillenbrand has made *any* attempt to obtain the requested information from any source other than Steelcase significantly undermines its claim of need. *See Echostar*, 180 F.R.D. at 395 ("until Echostar has exhausted its efforts to seek

production of these types of [confidential] materials from News Corp., and until Echostar has, at least, completed some depositions, it cannot even begin to argue that it has a substantial need to obtain the [confidential] materials from the non-parties").

In sum, Hillenbrand has not established that the requested material is relevant. Moreover, even if the requested material is deemed relevant Hillebrand has not established sufficient need for Steelcase's confidential business records.

### C. Balancing Need Against Potential Harm

Even if the Court were to find that Hillenbrand has established both relevancy and need, the outcome is the same. When balancing Hillenbrand's alleged need for the requested information against the potential injury that would result to Steelcase if such material were produced, the Court concludes that the balancing weighs heavily in Steelcase's favor.

Given the volume of material requested and its extremely sensitive nature, the potential harm to Steelcase is significant and easily outweighs whatever need Hillenbrand may have for such material. Moreover, the fact that Steelcase is not a party to the South Carolina action counsels in favor of granting its motion to quash. *See Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *Allen*, 190 F.R.D. at 521; *Echostar*, 180 F.R.D. at 394.

Finally, the Court is unpersuaded by Hillenbrand's argument that a protective order will sufficiently protect Steelcase's interests to permit production of the requested material. As has been recognized, in circumstances such as this a protective order is of little or no benefit to the non-party being asked to produce confidential business records for use in a distant forum. The parties to the South Carolina action have no incentive to maintain the confidentiality of the requested material. *See Micro*

*Motion*, 894 F.2d at 1325; *Mannington Mills*, 206 F.R.D. at 530-31; *Allen*, 190 F.R.D. at 526. Furthermore, there is no evidence that Steelcase would possess the standing necessary to protect its interests in the South Carolina district court. *See Micro Motion*, 894 F.2d at 1325; *Allen*, 190 F.R.D. at 526.

## CONCLUSION

For the reasons articulated herein, <u>Steelcase Inc.'s Motion to Quash Subpoena</u>, (dkt. #4), is **granted**. An Order consistent with this Opinion will enter.

Date: August 24, 2005      /s/ Ellen S. Carmody
                           ELLEN S. CARMODY
                           United States Magistrate Judge