UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SPARTANBURG REGIONAL
HEALTHCARE SYSTEM, on behalf of
itself and others similarly situated,

        Plaintiff,

v.

HILLENBRAND INDUSTRIES, INC.,
HILL-ROM, INC. and HILL-ROM
COMPANY, INC.,

        Defendants.
_____/

Case No. 1:05-MC-107

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on appeal of an order quashing a subpoena of Steelcase Inc., a non-party, as to a South Carolina anti-trust suit (case no. 7:03-2141-26) between Plaintiff Spartanburg Regional Healthcare System and Defendants Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc. Oral argument is unnecessary in light of the briefing.

      By Order of August 24, 2005, United States Magistrate Judge Ellen S. Carmody granted Steelcase Inc.'s Motion to Quash a June 8, 2005 subpoena *duces tecum* demanding the production of corporate documents, including confidential business planning and corporate meeting documents about Steelcase Inc.'s market share, annual sales of competing products, sale and rental prices of competing products, financial incentives offered as to competing products, competition strategies for competing products, business forecasts and financial performance data of competing products, *et cetera*. (*See* Mot. to Quash, Ex. A.) Defendants have timely appealed said Order.

      Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pre-trial order is limited to whether the order is "clearly erroneous or contrary to law." *See United States v. Raddatz,*

447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard is deferential; it does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985)).

In this case, the underlying suit is an antitrust action involving hospital beds and relates indirectly to in-room products. Steelcase Inc. (through its subsidiary Brayton International, Inc.) is a seller of in-room hospital furniture products, though not hospital beds. (Steelcase Brf. in Opp. at 9 n.3.) Defendants are dominant market players in the hospital bed industry. Defendants have been sued repeatedly for anti-trust violations. Defendants now seek to defend the South Carolina suit by acquiring in discovery sensitive and confidential business plans of one of its competitors in the related industry of in-room products. In particular, they seek not just documents about Steelcase Inc.'s market share of in-room products, which would be known from Defendants' own analysis, but documents disclosing Steelcase Inc.'s own market analysis and strategic business planning.

Under Federal Rules of Civil Procedure 26 and 45, the Court must balance these competing factors as to the information sought from a non-party: (1) the relevance of the information sought; (2) the need for the information sought; (3) the confidentiality of the information sought; and (4) the potential harm to the non-party. *See Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. De. 2002). Federal Rule of Civil Procedure 45(c)(3)(B)(i) specifically authorizes protection of confidential commercial information of the type sought. *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

These are the kind of documents which, routinely, are kept confidential between a business, its officers and its dealers, even apart from confidentiality agreements, because it is understood that

public disclosure would undermine the effectiveness of the analysis and planning. The conclusion that they are confidential is sufficiently supported by the affidavits of informed persons. (*See* Champman-Cox Aff. ¶¶ 8-9.)

These documents are not relevant to the underlying suit and are not needed by Defendants. The underlying suit is about Defendants' dominance of the market for hospital beds and how they have used this dominance to force tying arrangements for other products and services. Steelcase Inc.'s market share of in-room products is, thus, not relevant and its own secret analysis of its market share and strategic planning is even less relevant.

Furthermore, even if there was some relevance, the harm to Steelcase Inc. of the disclosure of said documents greatly outweighs the benefits of the discovery. Much of the business strategic planning and pricing strategy done by Steelcase Inc. would be effectively ruined if disclosed. Given the typical investment of a corporation in such information, and the ripple effects of disclosure upon competition and sales, disclosure would be at the very least extremely costly to Steelcase Inc. Moreover, a protective order would not be effective in preventing harm since it would be difficult to enforce as to a distant tribunal and since the information would, most likely, become public during the South Carolina proceedings. The mischief of the subpoena was rightly adverted.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc.'s Appeal (Dkt. No. 28) is **DENIED** and the decision of the Magistrate Judge is **AFFIRMED**.

DATED in Kalamazoo, MI:
October 12, 2005

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE